A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RECEIVED
SEP 30 2015
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

KENNETH SPRADLEY            DOC # 101526
                            Inmate (DOC) number

DO

(Enter above the full name of each
plaintiff in this action.)

VERSUS

TODD BARRERE, DONALD JOHNSON
CRAIG WHITE

(Enter above the full name of each
defendant in this action.)

       Instructions for Filing Complaint by Prisoners
       Under the Civil Rights Act, 42 U.S.C. § 1983.

    This packet includes two copies of a complaint form and one copy of the pauper affidavit.

    <u>IF YOU ARE A PARISH PRISONER</u>, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

<u>IF YOU ARE A D.O.C. PRISONER</u>, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for <u>each</u> defendant no longer employed by the Department of Public Safety and Corrections.

<u>All copies of the complaint must be identical to the original.</u>

The names of <u>all parties</u> must be listed in the caption and in part III of the complaint <u>exactly the same.</u>

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE EXHIBITS.</u>

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, P.O. Box 2630, Baton Rouge, La. 70821,
EASTERN DISTRICT 151 Hale Boggs Federal Bldg., 500 Poydras St. New Orleans, La. 70130,
Western District Shreveport, 300 Fannin St. Shreveport, La 71101-3083,
Western District Lafayette Division, John M Shaw U.S. Courthouse 800 Lafayette St. Rm 2100 Lafayette, La. 70501

I.   Previous Lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ( )  No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
    Plaintiff(s)          N/A
Defendant(s):            N/A

2. Court (if federal court, name the district; if state court, name the parish):
            N/A

3. Docket number:        N/A

4. Name of judge to whom case was assigned:    N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
            N/A

6. Date of filing lawsuit:    N/A
7. Date of disposition:      N/A

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
        Yes ( )    No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
            N/A

II.   Place of present confinement:   Elayn Hunt Correctional Center

A. Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. HCC-14-600

2. What steps did you take? I exhausted all remedies Provided

3. What was the result? The institution erroneously rejected the request. Denied Relief

D. If your answer is No, explain why not: N/A


III. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Kenneth Spradely Doc #101526
   Address EHCC P.O. Box 174, St. Gabriel, La. 70776
In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant TODD Barrere
is employed as Asst. Warden Unit-2
at Elayn Hunt Correctional Center
C. Additional Defendants: See Attached Additional Defendants

4

IV.   Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. <u>Do not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SEE: Verified Complaint For Damage And Injunctive Relief

c. Additional Defendants

Defendant Donald Johnson is employed as Major of Unit-1 at EHCC at time of the attack.

Defendant Craig White is employed as Captain of Unit-1 at EHCC at time of the attack.

UNITED STATES MIDDLE DISTRICT
STATE OF LOUISIANA

KENNETH SPRADLEY (DOC # 101526)         CASE NO. _____
- V -

TODD BARRERE, DONALD JOHNSON,
CRAIG WHITE

A Complaint Under the Civil Right
Act 42 U.S.C. § 1983

RESPECTFULLY SUBMITTED
_____
Kenneth Spradley 101526
Doc # 101526 EHCC Fox 4-A
P.O. Box 174
St. Gabriel, La. 70776

VERIFIED COMPLAINT FOR DAMAGE AND INJUNCTIVE RELIEF

I. INTRODUCTION

1) This is a 1983 action filed by plaintiff Kenneth Spradley a state prisoner alleging violation of his constitutional rights to ~~for~~ Failure to protect which placed his life in danger and caused him to be injured in an injunctive relief money damages.

II. JURISDICTION

2) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is civil action arising under the constitutional of the United States.

Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1334 (a)(3) in that this action seeks to redress the deprivation under the color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. ct. 2250, 101 L.Ed. 2d 40 (1998); Bilisk v. Harborth, 55 F. 3d 160, 162 (5th Cir. 1995).

1.

## III. PARTIES

3.) Plaintiff Kenneth Spradley at all times relevant was confined by the Louisiana Department of Public Safety and Corrections (DPSC) at Elayn Hunt Correctional Center (EHCC).

4.) Defendant Assistant Warden Todd Barrere is the Warden and supervisor of Unit 2 at EHCC and is responsible for supervising staff and maintaining inmates safety and security and responding to inmates requests. He's being sued in his official and individual capacity.

5.) Defendant Donald Johnson was the Major at EHCC and was responsible for supervising staff and responding to inmates requests and maintaining inmates safety and security. He's being sued in his official and individual capacity.

6.) Defendant Captain Craig White is a captain which duties are to supervise security staff, maintain inmates safety and security, and responding to inmates requests. He's being sued in his official and individual capacity.

7.) Defendants Barrere, Johnson, White at all relevant times acting under the color of State law and are being sued in their individual and official capacities.

## IV. EXHAUSTION OF AVAILABLE REMEDIES

8) Plaintiff exhausted his administrative remedies before filing this complaint.

## V. FACTUAL STATEMENTS

9.) On March 17, 2014 I was attacked by offender Tommy Cullier #90416 with a weapon made of pure iron. The iron was over 6 inches long

10.) Tommy Cullier #90416 is a mental ill offender, and was able to get a weapon over 6" long and 1½ wide with a rope tied to his hand to stab offender Kenneth Spradley #101526.

11.) Ex Major Donald Johnson tried to cover the incident is which he failed to protect offender Kenneth Spradley #101526 by blaming him and then placing him in administrative segregation lock down and then sentence offender Spradley to the working cell block.

3.

12.) Ex Major Donald Johnson knew that offender Kenneth Spradley did not at any time possess a weapon during or after incident

13.) Ex Major fabricate disciplinary report and investigate report when he state in the report that two (2) confidential informants told him that offender Spradley had a weapon to avoid his liability and others officers liability in failing to protect him for Tommy Cullier.

14.) Kenneth Spradley has five (5) witnesses which can verify that never possessed a weapon during fight with Tommy Cullier.

15.) Todd Barrere, Donald Johnson and Craig White failed to protect offender Kenneth Spradely from Tommy Cullier who was at the time a HSU offender who encountered a relapse and attacked Kenneth Spradely.

16) Tommy Cullier should have not been allowed to live in Fox 2 because of him being a HSU mentally ill offender which resulted in Kenneth Spradely being attacked

4.

17.) Todd Barrere, Donald Johnson and Craig White fabricated statements and reports because they all knew that Tommy Cullier was a HSU offender which should have been housed in Fox 1 instead of Fox 2.

18.) Todd Barrere, Donald Johnson and Craig White all collaborated in falsifying disciplinary and investigation to avoid liability for failure to protect offender Kenneth Spradely.

19.) The pictures taken by Todd Barrere reveals that Tommy Cullier was the only offender that possessed a weapon and all the other defendants knew Kenneth Spradely never possessed a weapon.

20.) False statements and reports were filed by defendants Todd Barrere, Donald Johnson, and Craig White to cover up their mistake in not protecting Kenneth Spradely from a HSU Offender.

21.) Plaintiff Kenneth Spradely had to fight for his life because the dorm had only one (1) officer instead of two (2) officers as required by policy

5.

at the time of incident.

22.) Sgt. Bobb could not help or stop the fight and stabbing because of the injury leg he had that kept him out of work for about 45 days.

## CLAIM FOR RELIEF

### A. DELIBERATE INDIFFERENCE TO HEALTH AND SAFETY

23) The failure of defendants Barrere, Johnson and White to act on their knowledge of a substantial risk of serious harm to plaintiff which violated his Eighth Amendment right to be free from deliberate indifference to his safety.

24) Defendants Barrere, Johnson and White should be held liable under the Eighth Amendment for failure to protect as they knew the danger and substantial risk of serious harm in which they disregarded. They failed to take reasonable measures to abate the risk.

25.) Plaintiff has the right not to be subject to physical or emotional harm by employees of the state acting under the color of law.

26) Defendants violated constitutional prohibition against cruel and unusual punishment.

6.

27.) The defendants acted reckless and disregarded the safety of Kenneth Spradely and clearly violated established constitutional rights.

28.) Defendants Barrere, Johnson, and White failed to follow prison policy and Department of Corrections regulations concerning the safety of offender Kenneth Spradely.

## RELIEF REQUESTED

WHEREFORE, Plaintiff request that this Court grant following relief:

A. Declare that defendants listed on line 7 violated Plaintiff's Eighth Amendment right in failing to protect him from a HSU offender who should not have been housed in unit where attack occurred.

B. Issue an injunctive requiring defendants not to retaliate against due to complaint against them.

C. Award compensatory damage of 350,000 for Plaintiff's physical and emotional injuries and Punitive damage against each defendant; and

D. Plaintiff be paid $100.00 per day for

7.

fabricated disciplinary, investigation report and statements given by defendants Barrere, Johnson and White.

E. Grant plaintiff such other relief as it may appear plaintiff is entitled to.

## DECLARATION OF VERIFICATION

The affiant swears that the facts stated in document (e.g. the complaint) are true to his knowledge, and that the facts stated on information and complaint are true to the best of his knowledge and belief.

Signed this 28th day of September, 20 15.

_____
Signature of Plaintiff

8.

V. Relief
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

SEE PAGE 7-8

Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filling fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 28th day of September, 20 15.

_Kenneth Smalley_
Signature of plaintiff(s)

6