UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH SPRADLEY (#101526)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**TODD BARRERE, ET AL.**　　　　　　　　　　　　　**NO. 15-653-BAJ-RLB**

### ORDER

This matter comes before the Court on the plaintiff's Motion to Reinstate (R. Doc. 9), which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Pursuant to a Judgment dated December 10, 2015 (R. Doc. 8), the above-captioned proceeding was dismissed for failure of the plaintiff to pay the Court's filing fee as ordered on November 3, 2015. *See* R. Doc. 6. Approximately six days after the entry of judgment, the plaintiff filed his Motion for Relief from Judgment, asserting therein that he never received the Court's Order of November 3, 2015.[1] The plaintiff specifically asserts that he never signed for

---

[1] The Court notes that subsequent to filing his Motion for Relief from Judgment, the plaintiff filed a Notice of Appeal (R. Doc. 11). A notice of appeal filed after the judgment, but before the District Court disposes of a Rule 60 motion filed no later than 28 days after the judgment is entered, does not become effective until the order disposing of the Rule 60 motion is entered. This allows the District Court to retain jurisdiction to grant a Rule 60(b) motion if appropriate and filed not later than 28 days after the entry of judgment, even though the notice of appeal has been filed. Had the plaintiff's Motion for Relief from Judgment been filed more than 28 days after entry of the judgment, the plaintiff's subsequently filed Notice of Appeal would have divested the Court of jurisdiction, and the Court would be unable to grant the Motion, if appropriate, without obtaining leave from the Court of Appeals. *See Shepherd v. International Paper Co.,* 372 F.3d 326, 329 (5th Cir. 2004) (addressing the former time limit under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) of 10 days, which was subsequently changed, in 2009, to a 28-day limit.)

or saw the Order because prison officials stole his legal mail.  He thus seeks to re-open this proceeding and obtain a substantive consideration of his original claim.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.  The plaintiff has not submitted any documentation in support his claim that he never received the Court's Order of November 3, 2015.  As such, the Court is currently without sufficient information to determine the applicability of any Rule 60(b) subsection, and will order the plaintiff to provide the Court with the necessary documents as set forth below so that the Court may rule on the plaintiff's Motion for Relief from Judgment (R. Doc. 9).  Accordingly,

**IT IS ORDERED** that the plaintiff produce to the Court, within 21 days, any pertinent mail logs or other documentation showing whether the Court's Order of November 3, 2015 was or was not received by the plaintiff.

Signed in Baton Rouge, Louisiana, on April 6, 2016.

_____

BRIAN A. JACKSON, CHIEF JUDGE

UNITED STATES DISTRICT COURT